# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **CRISMA, INC., BOURNE CO.,** ) | |
| **JARABE PUBLISHING COMPANY,** ) | |
| **FRANK MUSIC CORP., MEREDITH** ) | |
| **WILLSON MUSIC, and PREMIUM** ) | |
| **LATIN PUBLISHING, INC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| ) | |
| **vs.** ) | **CASE NO. 3:09-0568** |
| ) | **JUDGE TRAUGER/KNOWLES** |
| ) | |
| ) | |
| **SG COMMUNICATIONS, LLC and** ) | |
| **SALVADOR GUZMAN,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Judge Trauger has referred this matter to the undersigned "for further case management, discovery matters and report and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Rule 72, Fed. R. Civ. P." Docket No. 41.

This copyright infringement action was filed on June 18, 2009 (Docket No. 1), and both Defendants, SG Communications, LLC, and Salvador Guzman, have been served (Docket Nos. 5, 6, 7, 8). A Joint Answer was filed on behalf of both Defendants by Larry Perry, Esq. of the Knoxville bar. Docket No. 9.

Mr. Perry, however, was not a member of the bar of this Court, and, on September 15, 2009, a "Notice to Counsel" entry was made on the Docket of this case stating, "Within 20 days and pursuant to Local Rule 83.01, counsel shall file a Motion to Appear Pro Hac Vice, a

Certificate of Good Standing signed by the Clerk of the United States District Court where admitted, and pay a fee of $75.00." (This Docket Entry is unnumbered).

On September 17, 2009, Mr. Perry submitted a "Motion to Appear Pro Hac Vice," in which he declared, in part, that he was "admitted to practice and a member in good standing of the Tennessee State Bar." Docket No. 18.

On September 18, 2009, another "Notice to Counsel" was entered on the Docket, requiring Mr. Perry to file a Certificate of Good Standing signed by the Clerk of a United States District Court where admitted within ten (10) days. Mr. Perry filed the required Certificate on September 25, 2009, and he was admitted pro hac vice on September 28, 2009. Docket Nos. 22, 23.

Not quite two months later, on December 21, 2009, Mr. Perry filed a document headed "Withdrawal of Counsel." Docket No. 28. The body of that document states:

> Comes now counsel for the Defendant, who hereby notifies the Court that it [*sic*] is withdrawing as counsel for Defendants effective immediately. I have been unable to meet the previously agreed Court deadlines as I have been unable to contact the Defendants, either by phone, by mail and 2 attempted personal visits to the offices and station involved. With no communication with the Defendants, I am unable to represent them and thus hereby withdraw as counsel.

Two days later, on December 23, 2009, Judge Trauger entered an Order noting that the "withdrawal of counsel" "has no effect in this court." Docket No. 29. The Order referred counsel to Local Rule 83.01, and required Mr. Perry to file a Motion to Withdraw, properly documented, within fourteen (14) days of the entry of that Order. *Id.*

On December 28, 2009, Mr. Perry filed a "Motion to Withdraw as Counsel for Defendants." Docket No. 30. That Motion provided greater detail with regard to Mr. Perry's

2

attempts to contact Defendants, and stated in relevant part as follows:

> I am not sure of the whereabouts of my client [*sic*] and have been unable to communicate with him [*sic*] in order to meet various court filing deadlines. I have notified the Defendants that I will be unable to represent them in this matter and strongly urge them to find a counsel that can because of the seriousness of the matter. I cannot continue to represent a client who doesn't communicate and therefore respectfully request the Court's approval to withdraw as counsel.

Docket No. 30, p. 2.

On January 4, 2010, Judge Trauger entered an Order providing that Mr. Perry's most recent Motion to Withdraw as Counsel would be held in abeyance, because it was not in full compliance with Local Rue 83.01(g). Judge Trauger ordered Mr. Perry to supplement his Motion with the appropriate documentation within twenty-one (21) days of the entry of her Order. Docket No. 31.

On January 14, 2010, Mr. Perry filed the same Motion he had filed on December 28, 2009, but he attached thereto a letter he had sent to Mr. Guzman regarding his withdrawal. Docket No. 32.

On January 15, 2010, Judge Trauger entered an Order granting Mr. Perry's Motion to Withdraw as Counsel for Defendants. Docket No. 33. Judge Trauger's Order stated in relevant part:

> It is hereby ORDERED that the defendants shall have new counsel and enter an appearance on their behalf within thirty (30) days of the entry of this Order. . . .
>
> The defendants are FOREWARNED that their failure to provide initial disclosures to the plaintiffs and to cooperate in discovery in this case could result in sanctions or a default judgment being entered against them.

*Id.*

Following the entry of that Order, however, no new counsel has ever entered an appearance on behalf of either Defendant.[1]

On April 26, 2010, Plaintiffs filed a "Motion for Default."  That Motion stated in part that Defendants had failed to obtain new counsel as required by Judge Trauger's previous Order. The Motion also stated that Defendants had failed to provide initial disclosures.  Plaintiffs further stated that Defendants had failed to participate in any substantive manner in the case, other than having their former counsel file an Answer and attend an Initial Case Management Conference.  Plaintiffs argued that the entry of a default was, therefore, appropriate.

Defendants failed to respond to Plaintiffs' "Motion for Default."

On May 17, 2010, the Clerk denied Defendants' Motion for Default, stating in part that, "a Rule 55(a) motion is not appropriate where an Answer has been filed."  Docket No. 38.  That denial also noted that, where a party has failed to cooperate in discovery, Rule 37 provides methods of addressing the lack of cooperation.  *Id.*

Rule 55(a) provides as follows:

> (a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

(Emphasis added.)

While the Clerk's "Denial of Default" correctly noted that Defendants had filed an

_____

[1]  The Court notes, that while Mr. Guzman could represent himself, Defendant SG Communications, LLC, must be represented by an attorney, and cannot act pro se. *Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); Local Rule 83.01(d)(3).

4

Answer, the Denial of Default did not address the fact that Defendants had "failed to . . . otherwise defend . . . ."

The language of Rule 55(a) appears to the undersigned to be unambiguous. A default may be entered against a party either for failing to plead or for failing to "otherwise defend." Despite this language, however, some courts have held that a default cannot be entered against a party who has filed an Answer. *See, e.g., Bass v. Hoagland,* 172 F.2d 205, 210 (5th Cir. 1949); *Holson v. International Supply Co.,* 22 FRD 221, 222-23 (D. Alaska 1958). Other courts have concluded that a party who has answered may be defaulted for later inaction that evinces a failure to defend. *See, e.g., Ackra Direct Mktg. Corp.,* 86 F.3d 852, 856 (8th Cir. 1996); *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 918-19 (3rd Cir. 1992); *Home Port Rentals, Inc., v. Ruben,* 957 F.2d 126, 133 (4th Cir. 1992).

The Sixth Circuit does not appear to have spoken definitively on this issue. In one case, the Court discussed both possibilities, citing authority for the proposition that the phrase "otherwise defend" in Rule 55(a) "refers to defenses and objections available to a defendant by motion prior to filing an answer," and authority for the proposition that "failure to defend" as used in Rule 55(a) is "the reverse side of 'failure to prosecute' as used in Fed. R. Civ. P. 41." *See Smith v. Commissioner of Internal Revenue*, 926 F.2d 1470, 1478 (6th Cir. 1991). In *Smith*, however, it was unnecessary for the Court to decide which interpretation was correct.

The Court is aware that one noted authority has stated:

> The better view is that Rule 55(a)'s "otherwise defend" language
> may not be extended to justify a default once there has been an
> initial responsive pleading or an initial action that constitutes a
> defense. Rule 55(a) is phrased disjunctively (plead *or* otherwise
> defend), showing an intent that either one or the other should be
> sufficient to avoid a Rule 55(d) default. The more expansive

5

reading of "otherwise defend" is not justified.

**Moore's Federal Practice 3d** § 55.11[2][b], p. 55-25.

With all due respect, however, the Court disagrees that this is the "better rule." The Court also fails to understand how the disjunctive phrasing of Rule 55(a) shows an intent that either one or the other should be sufficient to avoid a default. Rule 55(a) does not speak of avoiding defaults; instead, it speaks of when a default "must" be entered. The disjunctive phrasing indicates that a default "must" be entered if there is *either* a failure to plead *or* a failure to otherwise defend. Even though this reading may be "more expansive," it is certainly justified by the plain language of the Rule.

Under the circumstances discussed above, it is readily apparent that Defendants have failed to defend this action.

For the foregoing reasons, the undersigned recommends that a default be entered against Defendants, and that Plaintiffs' counsel be allowed to file appropriate affidavits in order to determine the amount of damages to be awarded in a default judgment.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

6

E. Clifton Knowles
United States Magistrate Judge

7