IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRISMA, INC., BOURNE CO., JARABE PUBLISHING COMPANY, FRANK MUSIC CORP., MEREDITH WILLSON MUSIC AND PREMIUM LATIN PUBLISHING, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> SG COMMUNICATIONS, LLC, AND SALVADOR GUZMAN, <br><br> Defendants. | CASE NO. 3:09-0568 <br> JUDGE TRAUGER/KNOWLES |

## REPORT AND RECOMMENDATION

The undersigned previously submitted a Report and Recommendation (Docket No. 45) recommending that Plaintiffs' "Motion for Default" (Docket No. 36) be granted and that Plaintiffs' counsel be allowed to file appropriate Affidavits in order to determine the amount of damages to be awarded in a default judgment. Defendants did not object to the Report and Recommendation. Judge Trauger subsequently accepted the Report and Recommendation, and gave Plaintiffs' counsel a period of time within which to file appropriate Affidavits for the determination of damages. Docket No. 48.

Plaintiffs subsequently filed the Affidavit of Hugo Delbove (Docket No. 51) and the Affidavit of Ben Rose (Docket No. 52). Judge Trauger then referred this action to the undersigned for a determination of the damages to be awarded. Docket No. 54. Defendants did not file any Response to the Affidavits.

This is a copyright infringement action alleging six causes of action based on Defendants' public performances of Plaintiffs' copyrighted musical compositions. Docket No. 1. The Complaint avers that Plaintiffs are the owners of the copyrights in six musical compositions set forth in Schedule A to the Complaint, as follows:

| Owner | Musical Composition |
|---|---|
| 1. Crisma, Inc. | Ojala |
| 2. Bourne Co. | The Terry Theme From Limelight |
| 3. Jarabe Publishing Company | Triste Recuerdo |
| 4. Frank Music Corp. and Meredith Willson Music | Till There Was You (a/k/a Till I Met You) |
| 5. Premium Latin Publishing, Inc. | Los Infieles |
| 6. Premium Latin Publishing, Inc. | Un Beso |

Docket No. 1-1.

Plaintiffs further averred in the Complaint that Defendant SG Communications, LLC, operated a commercial radio station in Franklin, Tennessee, known by the call letters WHEW, under a license granted by the Federal Communications Commission. Defendant Salvador Guzman was alleged to be the President of SG Communications, LLC. The Complaint averred that the six copyrighted musical compositions at issue were broadcast over radio station WHEW, thereby infringing Plaintiffs' copyrights. Plaintiff also averred that Defendant Guzman had "primary responsibility for the control, management, and maintenance" of the affairs of Defendant SG Communications, LLC, and that the acts complained of were done "with his active assistance, cooperation, acquiescence, and procurement," and that Defendant Guzman "derives a financial benefit therefrom." Docket No. 1, p. 2.

The Affidavit of Mr. Delbove states that he is an Account Manager employed by the American Society of Composers, Authors and Publishers ("ASCAP"), which has been granted a

license to authorize public performances of Plaintiffs' copyrighted music. The Affidavit establishes that Defendant SG Communications, LLC, has been the owner and FCC licensee of radio station WHEW in Franklin, Tennessee. While WHEW had previously operated under a License Agreement with ASCAP, it had consistently failed to meet its payment obligations under its License Agreement, and on March 9, 2007, ASCAP terminated WHEW's license to use ASCAP's members' copyrighted musical compositions. WHEW has not been licensed by ASCAP since March 9, 2007, to perform any of the copyrighted musical works in the ASCAP repertory, including the songs owned by Plaintiffs.[1] ASCAP had informed Defendants on two occasions in 2006 that their account was in arrears. In 2007, ASCAP sent Defendants a formal Notice of Default, stating its intent to terminate Defendants' ASCAP license if all outstanding license fee payments were not received within thirty (30) days.

On April 17, 2007, an agent of ASCAP obtained a recording of the broadcasts of radio station WHEW. Each of the songs listed in Schedule A to the Complaint was performed without authorization by broadcast over radio station WHEW on that date.

Mr. Delbove estimates that, if WHEW had been properly licensed by ASCAP, it would owe ASCAP $42,048 in license fees and finance charges. Mr. Delbove's Affidavit seeks statutory damages of $16,000 per infringement, for a total of $96,000. This amount is approximately two times the license fees that Defendants would have paid to ASCAP if radio station WHEW had been properly licensed.

Under the Copyright Act, statutory damages per infringement can range from $200 to

---

[1] The Affidavit refers to "the twelve songs owned by Plaintiffs . . . ." Docket No. 51, p. 2. As discussed above, however, only six songs owned by Plaintiffs are at issue in this action.

3

$150,000. 17 U.S.C. § 504(c). Thus, the amount requested is within the lower range of permissible statutory damages.

The Copyright Act also provides that the Court may award a reasonable attorney's fee to the prevailing party. 17 U.S.C. § 505. The Affidavit of Ben M. Rose, one of counsel for Plaintiffs, establishes that $2,323.00 in attorneys' fees has been incurred regarding this matter. The amount sought is reasonable.

For the foregoing reasons, the undersigned recommends that a judgment be entered for each of the Plaintiffs against Defendants, jointly and severally, as set forth below:

1. Crisma, Inc. $16,000.00
2. Bourne Co. $16,000.00
3. Jarabe Publishing Company $16,000.00
4. Frank Music Corp. and
   Meredith Willson Music $16,000.00
5. Premium Latin Publishing, Inc. $32,000.00

Additionally, a judgment should be entered against Defendants, jointly and severally, in favor of Plaintiffs in the amount of $2,323.00 representing Plaintiffs' attorneys' fees.

Finally, an injunction should be entered prohibiting Defendants from further infringing on the musical compositions at issue.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

4

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge